**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| Mickey Pubien, | ) | Civil Action No. 4:18-cv-02090-JMC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Hector Joyner, *Warden FCI Estill*, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Mickey Pubien, proceeding *pro se*, filed for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (2008) ("Habeas Petition"). (ECF No. 1.) The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report") issued on August 18, 2018. (ECF No. 11.)

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 11 at 1–2.) Petitioner is in the custody of the Federal Bureau of Prisons at Federal Correctional Institution Estill in Hampton County, South Carolina. (*Id.* at 1.) A jury convicted and sentenced Petitioner to concurrent life sentences, due to a Section 851 enhancement, on four counts of possession with intent to distribute cocaine under 21 U.S.C. § 841 and two counts of conspiracy to possess with intent to distribute cocaine and cocaine base under 21 U.S.C. § 846. (*Id.* at 2 (citing *U.S. v. Pubien*, No.0:06-cr-60350-JIC-3) (S.D. Fl.).) Petitioner filed a Habeas Petition on July 8, 2018, claiming that "two of his predicates do not qualify as felonies" pursuant to *U.S. v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). (*Id.*) The Magistrate Judge determined that *Wheeler* is inapplicable "because the substantive law change required must arise either from the United States Supreme Court or the circuit court of the court of conviction, which here would be the Eleventh Circuit." (*Id.* at 4–5.) (citing *Van Hoorelbeke v. United States*,

1

No. CA 0-08-3869- CMC-PJG, 2010 WL 146289, at *4 (D.S.C. Jan. 8, 2010)).) Petitioner timely filed his Objection to the Report on September 17, 2018. (ECF No. 18.)

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *See Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140 (1985). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Yet, even though *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial

2

solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

Here, Petitioner's Objection provides: "Petitioner contends that after a thorough review of the Magistrate [Judge's] [Report] on cited authorities and precedents[,] he is unable to meet the second prong in *U.S. v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), and would ask that the motion be dismissed on the merits." (ECF No. 18 at 1.) In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby*, 718 F.2d at 199. Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). The court concludes that the Magistrate Judge's Report accurately summarizes the law and correctly applies it to the instant Habeas Petition. (ECF No. 11.) Thus, because there are no specific objections filed by either party and there is no clear error in the record, the court adopts the Report. *See Diamond*, 416 F.3d at 315; *see also Camby*, 718 F.2d at 199.

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 11), and **DISMISSES** Petitioner Mickey Pubien's Petition for Writ of Habeas Corpus (ECF No 1) without prejudice and without requiring Respondent to file a return.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

May 7, 2020
Columbia, South Carolina

3